344

STATE OF NEW JERSEY, PLAINTIFF, v. JOSEPH SRHOLEZ. JR., DEFENDANT.

Superior Court of New Jersey
Law Division

Decided November 1, 1951.

*Mr. Theodore D. Parsons,* Attorney-General (*Mr. Gordon H. Brown,* Deputy Attorney-General), for the State.

*Messrs. Toolan, Haney & Romond* (*Mr. John E. Toolan* appearing), for the defendant.

LEYDEN, J. S. C.   The defendant moves to dismiss an indictment presented by the additional grand jury charged with the duty of investigating gambling and official corruption in Bergen County.

The indictment is known and designated as number 137 and alleges substantially that defendant, on April 1, 1949, and from time to time thereafter until June 1, 1950, being then the duly elected, qualified mayor of the Borough of Little Ferry and sworn to discharge the duties of said office, one of which is to faithfully execute the laws of the State of New Jersey within the borough, did intentionally, unlawfully, knowingly, corruptly and feloniously take, accept and receive from Arthur Bakofen, Sr., large sums of money in excess of $1,000 as a bribe or reward to permit, authorize and allow one Joseph Vasile, Arthur Bakofen, Sr., and Charles Engels to conspire to and make book in the Borough of Little Ferry

by the use of telephones upon the running of horses, and to protect them from arrest and punishment, and free from municipal police interference, contrary to, etc.

The defendant advances a number of reasons why the indictment should be dismissed. They may be summarized as follows: that the indictment does not state facts sufficient to constitute a crime; that the defendant is not informed of the nature and the cause of the accusation; that it fails· to set forth facts concerning the ·defendant's official duty; that it is uncertain as to time and amount of the bribes.

A reading of the indictment demonstrates that it sufficiently informs the defendant he is charged with the common law crime of bribery. *State v. Ellis,* 33 *N. J. L.* 102 (*Sup. Ct.* 1868). It is the duty of the mayor of a borough to see that the laws of the State are faithfully executed and to maintain peace and good order. *R. S.* 40:87–31.

It is true that one accused of crime is entitled to know with particularity the offense with which he is charged. Bribery is a single and not a continuing offense, although it seems to be of no great moment whether the bribe as alleged was paid in a lump sum or installments over a period of time. The defendant is entitled to know with greater particularity the date or dates on which the State intends to prove the offense or offenses charged to enable him to prepare his defense. Therefore the State should furnish the defendant with a bill of particulars pointing out whether he is charged with a single bribe or several bribes and the dates thereof, and also the amount of the bribe or bribes allegedly taken and the dates thereof. *Rule* 2:4–14. *Cf. State v. Davis,* 6 *N. J. Super.* 162 (*App. Div.* 1950), and the cases therein cited.

The motion to quash the indictment is denied. The State will be ordered to furnish the particulars as above indicated.